

# THE ATTORNEY GENERAL
# OF TEXAS

February 2, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable William D. Gooch  
Director and Librarian  
Texas State Library  
Lorenzo De Zavala State  
 Archives and Library Bldg.  
P.O. Box 12927  
Austin, Texas  78711

Opinion No: JM-1013

Re:  Whether records  created and/or received by the Governor's  Office  are public records  within the meaning  of the Open Records Act, article 6252-17a,  V.T.C.S.,  and  of section  441.031(1)(2)(5)  of the  Texas  Government  Code. (RQ-1579)

Dear Mr. Gooch:

You ask several  questions about the  authority of  the Texas State  Library and  Archives Commission  over  records generated or received by the governor's office in conducting its business.   You  inform  us  that  "a  number  of  Texas governors, following  an informal  and unwritten  tradition, have removed from state custody all or a very large part  of the records created during their administration."  You ask:

> 1. Are the  records which  are  created  and received by  the Office  of the  Governor  of Texas in  the  course  of  carrying  out  the statutorily assigned  duties of  that  office considered  public  records,  as  defined  in V.T.C.A.,  Government  Code,  Chapter  441, Section 441.031(1)(2)(5)  and V.A.C.S.,  Art. 6252-17a, Sections 2(3) and 3?

> 2. If the  records of  the Governor's  Office are public  governmental  records,  is  their removal from the custody of the state at  the end  of  a  gubernatorial  administration considered in violation of Texas Penal  Code, Chapter 37,  Section  10,  or  V.A.C.S.,  Art. 6252-17a, Sec. [12]?

> 3. If the  records of  the Governor's  Office are public governmental  records, what  legal

action(s) can the Texas State Library, as the agency responsible for the management and preservation of public records, initiate to obtain custody of any such public records that have been removed from the custody of the state?

Chapter 441 of the Texas Government Code governs, among other things, the Texas State Library and Archives Commission (the commission) and the preservation of the state's public records. Sections 441.001 through 441.016 set out the structure and general powers and duties of the commission. Sections 441.031 through 441.039 govern the retention of public records. Your first question is whether records created or received by the governor's office in carrying out its statutory duties are subject to chapter 441, specifically to section 441.031(5).

Section 441.031(5) of the Texas Government Code provides:

> 'Public record' means a document, book, paper, photograph, sound recording, or other material, regardless of physical form or characteristic, <u>made or received according to law or ordinance or in connection with the transaction of official business</u>. The term does not include library or museum material made or acquired and preserved solely for reference or exhibition purposes, an extra copy of a document preserved only for convenience of reference, or a stock of publications or of processed documents. (Emphasis added.)

Records received or created by the governor's office in carrying out its statutory duties clearly fall within this definition.

You also ask whether the records of the governor's office constitute public records subject to the Texas Open Records Act, article 6252-17a, V.T.C.S. Section 2(2) of the Open Records Act provides:

> 'Public records' means the portion of all documents, writings, letters, memoranda, or other written, printed, typed, copied, or developed materials <u>which contains public information</u>. (Emphasis added.)

Section 3(a) provides:

> All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only [followed by 22 specific exceptions].

Records received or created by the governor's office in carrying out its statutory duties are subject to the Open Records Act and may be withheld from the public only if one of the act's specific exceptions protects them. See Open Records Decision No. 116 (1975); see also Open Records Decision Nos. 241 (1980); 212 (1978); 177 (1977). Section 5(a) of the act requires the custodian to preserve records subject to the act. See also V.T.C.S. art. 6252-17a, § 12 (criminal penalty for removal of public records).

Your second question is whether the removal of public records from the custody of the state at the end of a gubernational administration violates chapter 37 of the Texas Penal Code. Section 37.10 of the Penal Code provides:

> (a)   A person commits an offense if he:
>
> (1)   knowingly makes a false entry in, or false alteration of, a governmental record;
>
> (2)   makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record; or
>
> (3)   <u>intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record</u>.
>
> (b)   It is an exception to the application of Subsection (a)(3) of this section that the governmental record is destroyed pursuant to legal authorization.
>
> (c)   An offense under this section is a Class A misdemeanor unless the actor's intent

> is to defraud or harm another, in which event the offense is a felony of the third degree. (Emphasis added.)

Section 37.01(1)(A) of the Penal Code defines "governmental record" to mean anything "belonging to, received by or kept by government for information." Records received or created by the governor's office in carrying out its statutory duties are government records within the meaning of section 37.01(1)(A).

Whether the removal of specific gubernatorial records from the custody of the state at the end of a gubernatorial administration constitutes a violation of section 37.10(a)(3) depends on the facts surrounding the removal in question and on whether any other law in effect at the time of removal authorized the removal. Violation of section 37.10(a)(3) requires proof of an intentional removal that would impair the availability of the record. Violation of section 37.10(a)(3) also requires proof of a culpable state of mind -- an _intentional_ act. The legislature did not intend our opinion process to resolve disputed questions of fact.

Similar considerations apply to a violation of section 12 of the Texas Open Records Act. A violation of section 12 requires proof of the willful, unauthorized removal of public records. See Attorney General Opinion H-808 (1976). Violation of the act's criminal sanctions depends on the facts in a given case. See Attorney General Opinion JM-265 (1984). As indicated, the opinion process was not intended to resolve disputed questions of fact.

Your final question relates to the commission's remedies to obtain custody of public records that have been removed from the commission's custody or from the custody of the state. Section 441.002(g)(8) of the Government Code provides that the commission shall

> demand and receive from the officer of the state department in charge of it, any book, map, paper, manuscript, document, memoranda, or data relating to the history of Texas not connected with or necessary to the current duties of the officer.

This provision grants the commission authority to demand physical custody of Texas public records that are "not connected with or necessary to the current duties of the officer."

Section 441.010(d) of the Government Code provides:

> A state, county, or other official <u>may</u> turn over to the state library for permanent preservation in the library an official book, record, document, original paper, map, chart, newspaper file, or printed book <u>not in current use in the official's office</u>. The director and librarian shall give the official a receipt for an item turned over under this subsection. (Emphasis added.)

This provision gives state officials discretion to determine when their records are in "current use." If their records are in current use, state officials have no obligation to submit public records to the commission. In light of section 441.002(g)(8) and the overall purpose of chapter 441, however, we do not believe that section 441.010(d) grants state officials the authority to refuse to give to the commission public records that are not in current use.

If records are not in current use, the commission must classify the records either as permanent or subject to destruction. Records to be designated permanent public records must be provided to the commission pursuant to section 441.002(g)(8). Permanent records, records that are not subject to destruction, cannot, as a general rule, be transferred out of the custody of the state of Texas. <u>See</u> Attorney General Opinion H-523 (1975). Public records cannot be destroyed or classified as subject to destruction without the approval of the director of the records management division and the librarian. Gov. Code § 441.035(d). Unless records subject to destruction are confidential, they may be transferred out of the custody of the state once they have been classified by the director and the librarian as subject to destruction. <u>See</u> Attorney General Opinion H-523 (1975).

The Government Code presumes that government officials will cooperate with regard to the disposition and classification of public records. Section 441.032(b) provides that the records management division of the commission shall "manage all public records of the state with the cooperation of the heads of the various departments or institutions in charge of records." Section 441.034 provides that the records management division shall, "with the cooperation of the heads of departments and institutions," survey, index, and classify public records.

As indicated, section 441.002(g)(8) authorizes the commission to demand custody of public records that are not in current use. Section 441.002(i) provides:

> If there is a disagreement as to the proper custody of a book, map, paper, manuscript, document, memorandum, or data under Subsection (g)(8), the attorney general shall decide proper custody.

Proper custody of specific records depends on the facts of a given case and on whether any other statutes address the disposition of the specific records at issue.

### S U M M A R Y

Records created or received by the governor's office in carrying out its statutory duties fall within the definition of "public records" in section 441.031(5) of the Texas Government Code and the definition of "public records" in section 2(2) of the Texas Open Records Act, article 6252-17a, V.T.C.S.

Such records also constitute "governmental records" within the meaning of sections 37.01(1)(A) and 37.10(a)(3) of the Texas Penal Code. Section 37.10(a)(3) prohibits, among other things, the intentional, unauthorized removal of governmental records. Whether the removal of specific gubernatorial records from the custody of the state at the end of a gubernatorial administration violates section 37.10 depends on proof of the elements of the criminal offense described in section 37.10.

Similarly, violation of section 12 of the Open Records Act, which prohibits the unauthorized removal of public records, depends on the facts in a given case.

Section 441.002(g)(8) of the Government Code authorizes the Texas State Library and Archives Commission to demand physical custody of public records that a state official has determined are not in current use. Section 441.002(i) provides that the

attorney general shall resolve disputes regarding the proper custody of records subject to section 441.002(g)(8).

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
of the Opinion Committee

Prepared by Jennifer S. Riggs
Assistant Attorney General